UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CURTIS JAY FRENCH,                                              CIVIL NO. 15-2337 (MJD/JSM)

    Petitioner,

v.                                                              <u>REPORT AND RECOMMENDATION</u>

MICHELLE SMITH,

    Respondent.

    Petitioner Curtis Jay French, a Minnesota state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1]. The petition was reviewed in accordance with Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court has determined that French has not exhausted all of the claims raised in his habeas petition. Accordingly, this Court recommends that French's habeas petition be dismissed without prejudice. In the alternative, French may voluntarily dismiss the unexhausted claims and proceed at this time on the sole claim which he has fully exhausted in the state courts.

    French was charged with two counts of first-degree assault under Minn. Stat. § 609.221, subd.2 (a)-(b) after thrusting a knife at police officers while being arrested. *See State v. French*, No. A13-0062, 2014 WL1271875, at *1 (Minn. Ct. App. Mar. 31, 2014). After a jury trial, French was convicted on both counts and sentenced to consecutive 120-month sentences. *Id.* On appeal to the Minnesota Court of Appeals, French challenged the two convictions of first-degree assault and his sentences, arguing that "(1) the district court abused its discretion by admitting expert testimony, (2) his convictions are not supported by sufficient evidence, and (3) the district court

abused its discretion by imposing consecutive 120–month sentences." *Id.* The Minnesota Court of Appeals affirmed French's conviction and sentence, and on June 17, 2014, the Minnesota Supreme Court declined review. *See* Docket No. 1-2 (Order dated June 17, 2014).

In his habeas petition and accompanying documents, French purports to raise two or possibly three grounds for relief — first, the consecutive sentences imposed for his offenses violates the federal constitution;[1] second, the evidence introduced at trial was insufficient to show that he committed first-degree assault, as defined in Minn. Stat. § 609.221; and possibly, third, unduly prejudicial expert testimony was incorrectly admitted into evidence by the trial court.[2] As explained below, this Court concludes

---

[1] French made no reference to the federal constitution or any particular amendment to the federal constitution with respect to this ground. However, in light of the liberal interpretation given to pro se pleadings, at this juncture the Court will presume he is challenging the consecutive sentences based on the Due Process and Double Jeopardy Clauses of the federal constitution.

[2] This latter challenge regarding the admission of the State's expert testimony was not presented as a separate ground for relief in the Petition. However, below Ground Three of the Petition, French stated: "See pages through 1 to 51. That's what I noted in this petition on Grounds 1 & 2, Ground 3 for 1 to 52." Petition, p. 9. Attached to the Petition was a Memorandum of Law indicating that he was adding the state briefs, sentencing transcripts and a letter from the chief of police to the judge. [Docket No. 3]. French also stated he was "only applying for the conviction and sentence and what was argued on the state and supreme appeals that were denied. So I am putting it in the petition. 1 to 52." *Id.* Then French attached a 51-page document that included his brief to the Minnesota Court of Appeals, transcripts and a letter from Bemidji Chief of Police Mike Mastin to Judge Shari Schluchter. *See* Docket No. 1-2, CM-ECF pages 6-57. Giving French the benefit of the doubt, the Court is assuming at this time that he meant to include his challenge to the expert's testimony as another ground for relief in the Petition.

The Court also notes that French sent a letter to the Court addressed "To Whom It May Concern." [Docket No. 1-1]. In this letter, French referenced communications with his public defender lawyer about a change of venue, his desire to see the DNA or fingerprints taken off the weapon, a change in the judge because his public defender was running against the presiding judge for a district judge position, his belief that

that only the second ground was possibly exhausted before the state courts, but that the remaining two claims clearly were not.

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b), (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of

---

several jurors were biased against him, communications with his mother about a plea offer, and communications with his appellate lawyer. *Id.* The Court has not treated the contents of this letter as additional grounds for which French is seeking habeas relief.

3

his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). While a state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts, nevertheless, if a claim is based on the federal constitution, the prisoner must "fairly present the facts and substance of his habeas claim to the state court." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006); *accord McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("Mere similarity between the state law claims and the federal habeas claims is insufficient:  'If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)).

After review of French's habeas petition and his brief to the Minnesota Court of Appeals on direct review (which was submitted by French along with his habeas petition), this Court concludes that French has fully exhausted only one of his claims for relief. Specifically, French has adequately presented the federal nature of his sufficiency-of-the-evidence claim to the state courts. Although the Minnesota Court of Appeals relied upon state law in evaluating this claim, the federal-law foundation of the claim is apparent from French's briefing. *See* Docket No. 1-2 at 20 (referencing the Due Process Clause of the Fourteenth Amendment, and citing *In re Winship*, 397 U.S. 358 (1970)). Therefore, this Court regards this claim as exhausted for purposes of §

2254(b), (c).[3]  If this were the only claim raised by French in his habeas petition, this Court would permit French to proceed on that claim at this time.

But that is not the case.  The other two grounds — the legality of the consecutive sentences imposed upon him and the propriety of the expert testimony — have not been exhausted before the state courts.  While these claims were presented to the Minnesota Court of Appeals, they were only presented as a matter of *state* law.  French's briefing does not cite to any federal constitutional provisions, statutes, or cases interpreting federal constitutional provisions or statutes.  Further, the Minnesota Court of Appeals regarded French as raising only questions of state law.  *See generally French*, 2014 WL 1271875, at *1-5.  Because the state courts were not alerted to the federal nature of French's claims, those claims have not yet been exhausted.

On this basis, this Court concludes that French has filed a "mixed petition" that includes both exhausted and unexhausted claims.  "When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, [544 U.S. 269 (2005)]." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982).  This Court does not believe the stay-and-abeyance procedure of *Rhines* to be appropriate in this case.  The Supreme Court has

---

[3]  French has not submitted his petition to the Minnesota Supreme Court, and so this Court will assume at this time that the claims submitted to that court (and the legal basis for those claims) mirror the claims submitted to the Minnesota Court of Appeals. Should French choose to proceed on his sufficiency-of-the-evidence claim at this time or after he exhausts his other grounds, respondent will not be precluded from arguing that French has not exhausted the sufficiency-of-the-evidence claim if French has not in fact fairly presented that claim, or the federal nature of that claim, to the Minnesota Supreme Court.

cautioned that this procedure "should be available only in limited circumstances," including only where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. French has not demonstrated *any* cause, much less good cause, for his failure to exhaust the claims raised in his habeas petition. Accordingly, stay and abeyance of French's habeas petition would be inappropriate here.

It is therefore recommended that this action instead be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Dismissal of French's petition without prejudice will allow French to return to the state courts and attempt to exhaust his presently unexhausted federal claims by filing a state post-conviction motion pursuant to Minn. Stat. § 590.01.[4] French may then return to federal court, if necessary, after the state courts, including the Minnesota Supreme Court, have reviewed and decided *all* of the claims that he seeks to present in federal court. *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).[5]

---

[4] The Court notes that French may be procedurally barred from seeking relief in state court on the unexhausted federal claims raised in his habeas petition. Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (1976). This rule, called the *Knaffla* rule, is well settled state law. *Powers v. State*, 731 N.W.2d 499, 501 (Minn. 2007). Claims which are "known" include those available after trial and which could have been raised on direct appeal. *See Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006) (citation omitted). French will nevertheless be given an opportunity to pursue a petition for post-conviction relief in the state courts, and the question of whether the *Knaffla* rule applies to those claims will be left to those state courts.

[5] If French does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). Specifically, under § 2244(d)(1)(A), French must file his habeas petition within one year

This Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims and proceed with an amended petition that includes only his fully exhausted claims. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir. 1996). This option remains available to French, notwithstanding this Court's recommendation that his petition be dismissed without prejudice. If French intends to exercise that option, he must file an entirely new amended petition that includes only fully exhausted claims. Should French do so, this Court will regard the claims excluded from the amended habeas petition as being voluntarily dismissed without prejudice.

Only two matters merit further comment:

First, having determined that this action must be summarily dismissed, the Court will further recommend that French's pending application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

Second, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that

---

of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Minnesota Supreme Court denied review of French's appeal on June 17, 2014, and the judgment in French's case became final 90 days thereafter. *See Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014). Consequently, the limitations period for French to bring a federal habeas petition began running on September 15, 2014, and continues to run at this time. If French elects to file a motion for post-conviction relief in state court, however, the limitations period will be tolled while that petition is pending. *See* 28 U.S.C. § 2244(d)(2). Thus, if French seeks to raise the unexhausted issues in a future habeas petition, it would be in his best interest to file a petition for post-conviction relief in state court without unnecessary delay.

7

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No court, including the Eighth Circuit Court of Appeals, is likely to treat French's habeas petition any differently than it is being treated here. Accordingly, it is recommended that French not be granted a COA.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Curtis Jay French's petition for a writ of habeas corpus [Docket No. 1] be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. French's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

3. No certificate of appealability be issued.

Dated: May 29, 2015

*Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.